The appeal was subsequently dismissed by consent.

---

(35 South. 584.)

No. 14,614.

STATE ex rel. KAFFIE v. SMITH, Register of State Land Office, et al.*

(June 22, 1903.)

#### PUBLIC LANDS—PURCHASE—CONFLICTING CLAIMS—APPEAL.

1. Conflicting claims for the purchase of state public lands between persons claiming to be actual settlers on the land and other persons applying for the purchase of the lands must be passed on in the first instance by the Register of the State Land Office in a contest established before him in the form prescribed by law, and the discretion with which the register is vested by law for the decision of such a contest cannot be controlled by mandamus.

2. In case the register refuses to entertain the contest, on the ground that the lands in question are not subject to purchase, that question can come up on appeal from his decision to the court.

(Syllabus by the Court.)

Appeal from Twenty-Second Judicial District Court. Parish of East Baton Rouge; H. F. Brunot, Judge.

Application by the state, on the relation of Adolph Kaffie, for a writ of mandamus to James M. Smith, Register of the State Land Office, and others. Judgment for defendants, and relator appeals. Affirmed.

Scarborough & Carver and Cunningham & Cunningham, for appellant. Walter Guion, Atty. Gen. (Lewis Guion, H. T. Liverman, D. W. Breazeale, and Charles Wheaton Elam, of counsel), for appellees.

PROVOSTY, J. Relator filed an application with the Register of the State Land Office to purchase under the provisions of Act No. 195, p. 447, of 1898, certain lands formerly water-covered and known as "Lake Kannisnia," but now dry and cultivable. The register refused to act upon the application for the reason, among others, that there were actual settlers upon the lands, who, under Act No. 21, p. 31, of 1886, had preference in the purchase of the lands, and had filed applications for the purchase of the same lands. Thereupon relator applied for a mandamus to compel the register to make him title and issue the proper papers for the covering of the purchase price into the state treasury. The district court, after hearing, refused to make the mandamus peremptory, and relator has appealed.

The relator, we think, has mistaken his remedy. In a case such as is here presented, namely, of conflicting claims between actual settlers upon state public lands and would-be purchasers of the same lands, the mode of proceeding is provided for by Acts No. 21, p. 31, and No. 107, p. 203, of 1886. The contest is to be made in the first instance before the register, who is clothed with authority to pass upon the same, subject to appeal to the courts. The relator has not complied with the formalities prescribed by said acts for establishing this contest before the register; but, even if he had, the proper forum for the trial of the contest in the first instance, under the provisions of said Act No. 107, p. 203, of 1886, would be the register,

---

*Rehearing denied January 6, 1904.

and the discretion with which he is vested in the premises could not be controlled by mandamus. It is elementary that mandamus does not issue to control the discretion of an officer. Am. & Eng. Ency. of L. (2d Ed.) vol. 19, pp. 740, 741; State ex rel. Comerford v. Mayor, 45 La. Ann. 278, 12 South. 353; State ex rel. Goodloe v. Lanier, Register, 47 La. Ann. 568, 17 South. 130; Badger v. City of Orleans, 49 La. Ann. 805, 21 South. 870, 37 L. R. A. 540. Especially where third persons having an interest in the controversy are not parties to the mandamus proceedings. High, Ex. Leg. Rem. 39, p. 45; Id. 42, p. 47; Id. 48, p. 53; Id. 84, p. 83; Id. 132, p. 126.

The register raises also the question whether the lands in question are subject to purchase as claimed by relator. This question can come up on appeal from the decision of the register in case he makes it a ground for refusing to entertain the contest.

With the modification that this court does not pass upon the question of whether the lands in question are subject to purchase, the judgment appealed from is affirmed.