On Rehearing.
Statement of the Case.
NICHOLLS, J.
In plaintiff’s petition, he alleged: That during the month of February, 1884, he took possession and settled upon, and began to cultivate and improve, the southwest quarter of section 20, township 10 south, range 5 east, in the southeastern district of Louisiana, with intention of establishing a homestead thereon. That the said land then and there belonged to the state of Louisiana. That by the terms of Act No. 21, p. 31, of the General Assembly of 1886, no purchase or entry of any public land belonging to the state of Louisiana could be made when previous thereto such lands had been possessed, improved, or cultivated by any person holding or claiming adversely to the party seeking to purchase or enter the same. That he at all times held the said land or lands which he had so improved and cultivated with the intention of acquiring the same from the state of Louisiana, and at all times claimed to have a paramount right to acquire the said lands from the state, over and above all other persons. That by said act the possessor or improver of such lands was given a right of pre-emption and pre-entry of the same, to be exercised under the general laws of the state, or under the provisions of said act, in accordance with the rules and regulations adopted by the Register of the State Land Office, and not inconsistent therewith. That it was further provided by said act that it should be competent for any person in possession of any improved or cultivated lands belonging to the state to file in the office of the Register of the State Land Office a declaration in the manner and form as prescribed by section 3 of the said act, setting forth his possession of the said lands, which declaration should be sworn to by the party and two witnesses, setting forth the nature and extent of the possession and improve *1037 ment of the claimant, and how long the same may have continued. That it was further provided by said act that the filing of such declaration should be notice of-possession of such tract of land to the Register of the State Land Office, and to any person or persons seeking to enter the same, and should entitle the declarant to notice of all further proceedings in the State Land Office concerning the said lands.
That by section 4 of said act it was further provided that the filing of such declaration and affidavit should vest in the declarant the right of pre-emption and pre-entry of said land, to be exercised not later than six months after the Register of the State Land Office should have notified the declarant that the lands described in said declara-, tion were open for entry, and it was made the duty of the Register of the State Land Office to issue such notice when said lands were ready for purchase.
That by section 5, p. 32, of the said act, it was provided that, within six months after receiving such notice from the Register of the State Land Office that the lands occupied by him were open to purchase, any actual settler, who had filed a declaration as aforesaid or who was in possession without having filed such declaration, could acquire title, either by purchasing the same under the general statute law, or by entering the lands under the provisions and conditions of the homestead act (being Act No. 21, p. 55, of 1871); and if the said possession and settlement of the said lands had continued more than five years, and due proof thereof should be administered to the said Register of the State Land Office, the preliminary affidavit and proof were dispensed with, and patents for the lands should be issued to the settler upon the payment of 10 cents per acre. That he filed on February 21, 1880, and placed of record in the State Land Office, his affidavit and declaration, and also the affidavit of two witnesses, in the manner and form as provided by section 3, p. 31, of Act No. 21 of 1886. That, for five years prior to the filing of his said declaration, petitioner had settled upon and was in possession of said lands, during which time he was an actual settler upon the said lands. That, notwithstanding his right as aforesaid to acquire the said lands from the state of Louisiana by preference and priority over all other persons, the Maurepas Land & Lumber Company, Limited, a corporation organized under the laws of this state, and domiciled in the city of New Orleans, at one time asserted a pretended title to the same, which it claimed to have acquired from the state of Louisiana, or some authority or agency thereof. That the said pretended title of the Maurepas Land & Lumber Company, Limited, was by it conveyed to the Southern Cypress Company, a corporation created under the laws of the state of Michigan, but having officers or agents at the city of New Orleans, with authority to receive citation and to stand in judgment for it. That the said Maurepas Land & Lumber Company, Limited, could never have acquired the said lands by any process from the state of Louisiana, or any authority or agency thereof, until the failure or neglect of petitioner to acquire the same from the state of Louisiana within six months from his being notified by the Register of the State Land Office that the said lands were open for entry and purchase. That no such notice was ever given by said Register of the State Land Office, or received by petitioner, and hence petitioner was never allowed any opportunity to exercise and enjoy the right of preemption and pre-entry given to him by said Act No. 21, p. 31, of 1886. That in consequence the said pretended title of the Maurepas Land & Lumber Company, Limited, was null, void, and of no effect.
That the said Southern Cypress Company had no better or different title to the said lands than its said vendor, but same pretended and invalid title the Maurepas Land & *1039 Lumber Company, Limited, had, and that the pretended title oí the former is afflicted with all the vices and defects herein above set up and charged against the said pretended title of the said Maurepas Land & Lumber Company, Limited. That the validity vel non of the title of the Southern Cypress Company necessarily involved the said pretended title of the Maurepas Land & Lumber Company, Limited. That the asserted rights and claims of the said companies are so identified with and dependent upon each other that the judgment or decree as to one of necessity depends upon and involves the rights of the other. That the said Southern Cypress Company, by reason of its pretense of holding the present title of the said land, and of being in possession of the same, was a necessary party to this suit.
In view of the premises, he prayed that the said Maurepas Land & Lumber Company, Limited, and the said Southern Cypress Company be citgd, and there be judgment setting aside and decreeing as null and void any pretended title by which the Maurepas Land & Lumber Company, Limited, claimed to have acquired land from the state of Louisiana, and also any title the said Southern Cypress Company might claim to said property by reason of the conveyance to it of any pretended title of the said Maurepas Land & Lumber Company, Limited; that petitioner be decreed entitled to purchase the said land from the state of Louisiana under the terms and conditions of Act No. 21, p. 31, of 1886, at any time within six months after he shall have received from the Register of the State Land Office the notice required by the said act to be given to settlers upon lands belonging to the state of Louisiana, or to any party who had filed in the office of the Register of the State Land Office declarations described in section 3, p. 31, of said Act No. 21 of 1886, and for costs and for all general relief.
The Southern Cypress Company, in bar of plaintiff’s action, pleaded the exception of res judicata, for this: That the Maurepas Land & Lumber Company, Limited, one of the defendants .herein, did on or about the 21st day of February, 1896, institute a certain suit in the Twentieth Judicial District Court, in and for the parish of Ascension and state of Louisiana, which said suit was styled “Maurepas Land & Lumber Co., Limited, v. Frederick Lindquist,” No. 976 of the docket of said court. That in and by said suit said Maurepas Land & Lumber Company, Limited, as petitioner, did set up its ownership of the tract of land situated in the parish of Ascension, known and described in the United States surveys as section 20 in township 10 south, of range 5 east, Southeastern Land District of Louisiana, east of the Mississippi river, which property petitioner in said suit alleged that it acquired by purchase from the board of commissioners of the Pontehartrain levee district by act passed before William H. Wright, notary public in and for the parish of Orleans, on February 23, 1894, and duly recorded in the office of the recorder of the parish of Ascension, and that said property passed, together with other property, to the Pontchartrain levee board, by virtue of Act No. 95, p. 99, of the General Assembly of the state of Louisiana, approved July 8, 1890. That the state of Louisiana acquired said land from the United States under the swamp-land grants approved March 2, 1849, and September 8, 1850, and that said lands were what is known as swamp or overflow lands, unfit for cultivation.
That said Fred Lindquist had gone upon said property without right, title, and interest in and to the same, taken possession thereof, and wantonly and maliciously cut down certain cypress trees, and had done other acts of- which petitioner in its said petition complained, and that he refused to give up said property and to move from said land, notwithstanding amicable demand; and *1041 that, in and by its prayer to its petition, petitioner prayed for citation of Fred Lindquist that he should be duly cited to appear and answer said petition, and, among other things, that, after due legal delays and proceedings, there should be judgment in favor of petitioner, recognizing it as the owner of said land, and its title thereto be valid, and that petitioner might also be recognized as entitled to certain barrel staves cut upon said lands by said Lindquist. That said citation, together with copy of petition accompanying the same, was duly served on Fred Lindquist, who appeared and filed a motion to set aside a writ of sequestration and injunction which had issued in said cause. That said motion was, in due course of proceedings, overruled. That said Lindquist failed to answer said petition. That a default was duly taken and confirmed upon the same, and a judgment rendered in favor of said petitioner, the Maurepas Land & Lumber Company, Limited, and against said Lindquist, adjudging petitioner .to be the owner of the lands described in petition, and also maintaining and perpetuating the writs of sequestration and injunction which had been issued in said cause, and mulcting said Lindquist for all the costs of said proceedings. That a writ of possession duly issued under said judgment, and that thereunder Lindquist was ejected from the property described in-the petition in said cause, and said petitioner placed in possession thereof, all of which, with other necessary particulars, will more fully appear from a duly certified copy of the record of said Maurepas Land & Lumber Company, Limited, in this cause, and is referred to as part hereof, in like manner as if herein at length described. That the land described by plaintiff in his petition herein is a portion of the same land, the title to which was adjudicated in said cause No. 970 of the docket of the Twentieth judicial district court for the parish of Ascension and state of Louisiana, and that in and by the judgment in said cause it was conclusively adjudged and decreed that said Maurepas Land & Lumber Company, Limited, was the owner in fee simple of the property in its petition in said cause described, free from any right, title, or interest of said Lindquist. That it acquired said property in plaintiff’s petition described from said Maurepas Land & Lumber Company, Limited, after said judgment, and relying upon the full force, effect, and validity of the same, and that judgment was pleaded as res judicata in bar of plaintiff’s suit herein.
For further peremptory exception to plaintiff’s demand; it averred that the acts and conduct of plaintiff, and his silence for over six years past, permitting himself to be ejected from said property under judicial process, and allowing said property to be sold to defendant, without asserting any title thereto effectually estopped the said plaintiff from claiming title to the lands in his petition described, which estoppel it specially pleaded in bar of plaintiff’s suit.
In view of the premises, it prayed that these peremptory exceptions be maintained, and plaintiff’s demand rejected, with costs. Defendant prayed for all further and suitable relief.
The Maurepas Land & Lumber Company, Limited, filed substantially the same pleadings and exceptions.
The district court sustained the plea of res judicata, and defendant appealed.
Opinion.
Plaintiff urges as a ground for rehearing that by Act No. 21, p. 31, of 1886, the Legislature created and established a special tribunal — the Register of the Land Office — to consider all applications or declarations made under that act, and, after hearing, to decide whether or not the declarant was entitled to the land claimed. This would vest the Register of the Land Office with exclusivé power *1043 to decide all claims made under tlie act of 1886; hence the district court of Ascension parish, which undertook to decide that plaintiff had no title, but that the defendant did have a title, to the land, as to which plaintiff had already invoked the jurisdiction of the register, was rendered without any jurisdiction to decide the matter at all, and its action so taken before the register had passed upon the question was wholly without authority, null, and void, for want of jurisdiction. Lie refers the court to State ex rel. Kaffie v. Smith (La.) 35 South. 584;[1] Cosmos, etc., v. Gray Eagle Co., 190 U. S. 301, 23 Sup. Ct. 692, 47 L. Ed. 1004; and U. S. ex rel. Riverside v. Hitchcock, 190 U. S. 316, 23 Sup. Ct. 698, 47 L. Ed. 1074 et seq. Plaintiff says: That “while it may be true that if, at the time he was sued in Ascension parish, he had a title superior to that of the plaintiff in that suit, and failed to set it up, he would not be permitted now to set it up, that in point of fact the plaintiff in the present suit had no title at all, nor had he any yet. So, therefore, it would be impossible for him to have lost a title which he did not have. The Ascension parish suit was not a petitory action. It was a suit in which no question of title could have been raised by the plaintiff here, and none by the defendant, though each might have wished it. That the present suit is not a petitory action. It is an action like that in Mast v. Hamilton, 14 La. Ann. 788, which was not either of the real actions mentioned of the Code of Practice, but which was mentioned under the acts of the Legislature giving a right of possession to actual settlers on the public lands.”
The suit in the parish of Ascension was unquestionably a petitory action. The judgment therein adjudging the plaintiff to be owner of the property in litigation was justified by the pleadings and the prayer. Plaintiff declared himself to be the owner of the property, and exhibited his title, which the court sustained. Defendant, though cited, and having, as he acknowledges, then the same rights as he has now, thought proper to make no appearance and let the case go to judgment. He did not advise the court of any such right as he now sets up, and raised no objection to the authority of the court to act in the premises. As the plaintiff in the ease had apparently, at the very least, an absolute title to the land, the court could do nothing else than render a judgment in favor of the plaintiff in the suit. The present plaintiff was certainly in possession of the property at that time, and was a proper defendant in the ease. In a petitory action both sides must set up respective claims and titles which they have at the time. The defendant is not forced to set up a title. He may elect, at his peril, to stand upon the fact of possession, or urge the outstanding title of a third person. In this particular matter the defendant thought proper to let matters be tested as if he had filed simply the general issue. 1-Ie says that he could not have set up title at that time, as he did not have any. That was true, but he could none the less have set up an outstanding title in the state, and advanced his existing real rights in respect to the property, predicated upon the same state of facts which he now contends for. If it be permissible for him to advance these rights now, with final judgment standing interposed as a bar to his doing so, it was permissible for him to have done so then, for the situation has in no manner changed, save as to the intermediate judgment which has been rendered.
In Heirs of Brigot v. Brigot, 49 La. Ann. 1439, 22 South. 641, this court, referring to petitory actions, said: “It frequently happens that a defendant in such an action stands upon possession, without advancing title in himself. The judgment in such an ac *1045 tion under pleadings of that character would close the door to the subsequent setting up by the defendant of any title which he actually ■'then had.” This language applies not only to a “closed” or “absolute” title, but to any inchoate real claims or rights which defendant has in the property which may ripen into a title of ownership under a then outstanding title of a person other than the plaintiff.
Plaintiff contends that the court of Ascension parish had no jurisdiction over the controversy as to title, but we think it had. If true it be that he had then acquired rights under the act of 1886 which it was the duty of the Register of the Land Office to have re.spected and regarded, that officer rightly or wrongly had disposed of them by transferring the property to other parties as owners, and by so doing had put an end effectually to .any adjudication by himself upon the rights of parties. His acts and his conduct opened the door to a direct action in support of his own rights against the transferee, and to an attack upon the legality of the acts of the register in ignoring them.
The present plaintiff had then the right to have had recourse to the state courts for the vindication of his rights, either as a plaintiff or as a defendant in possession. Marsh v. Gonsoulin, 16 La. 84.
The plaintiff contends that the present.action is not a petitory action. Whatever it may be, it is an action which, if it could be brought now as by a plaintiff in the civil district court for the parish of Orleans, it ■could have been brought by way of defense in Ascension parish.
It will be noticed that there is no attack upon the judgment in Ascension parish, but there is a direct attack upon the defendant’s title. The judgment is certainly not an absolute nullity. So long as it stands unreversed in some way, it is a bar to plaintiff’s demand. Brigot v. Brigot, 49 La. Ann. 1442, 22 South. 641; Sadler v. Henderson, ante, 517, 36 South. 549.
We do not see reason to alter our original judgment herein, and it therefore stands unchanged.

 111 La. 319.