(43 South. 148.)

No. 16,455.

DARBY et al. v. EMMER.

In re DARBY et al.

(Feb. 4, 1907.)

PUBLIC LANDS—STATE LANDS—APPLICATION TO PURCHASE—RIGHT TO APPEAL.

The state of Louisiana has seen fit to provide that its land shall be sold, under certain prescribed conditions, by the register of the land office, but it has further provided that the decisions of that officer may be reviewed by the courts; and, when the register, after hearing, has rendered his judgment in a particular case, rejecting the claim of an applicant and allowing a contestant to enter the land, and there is nothing left between the parties to the contest for him to decide, the appeal lies, and of necessity carries with it the questions, interlocutory or otherwise, which may have been raised during the trial.

(Syllabus by the Court.)

Application by Octave Darby and others for writs of certiorari and prohibition against Albert Emmer. Denied. Proceedings dismissed.

Weeks & Weeks, for relators. James Simon, respondent Judge, pro se.

Statement of the Case.

MONROE, J. Relators, claiming under Mrs. Coralie Darby, widow of St. Marc Darby, allege that a certain tract of land in the parish of Iberia (which they describe) adjoins a grant made to their authors by the Spanish government and confirmed by the United States, and has always been believed to be part of the same, and that, so believing, they and their authors have paid taxes, pastured cattle, cut trees, and butchered thereon; have let out portions thereof, and collected the rental; and have otherwise had open and undisputed possession as owners, for more than 80 years; that, on June 24, 1904, Albert Emmer opened the fence of relators' author, Mrs. Coralie Darby, and trespassed upon said land with carts and building material, and, upon the same day, made an affidavit that he had been in possession thereof since June 24, 1904, and had cultivated and improved the same, all to give himself a status as a settler, and all in spite of the protest of Mrs. Coralie Darby, who, finally, in September, 1904, enjoined him from further trespassing thereon; that about May, 1905, said land was surveyed by direction of the register of the state land office, and about May 17th the heirs of Mrs. Coralie Darby (then deceased), through their attorney filed in said office a declaration to the effect that they and their authors had been in possession of said land, and had had it under fence for many years, in the belief that they were the owners.

Relators further allege that Albert Emmer had paid no price, and that his declaration had not been considered, as the land was not then open to purchase; that, after the filing of relators' declaration, the register notified them that the land was open to entry, and that within six months thereafter they made application for the same and tendered the price; that the register thereupon caused testimony to be taken and rendered his decision as follows:

"It is established by the evidence that the lands included in this contest are of the class known as 'dry lake beds'; that before they had been surveyed and subject to entry the heirs

of Darby filed, in this office, a declaration of possession under Act No. 21, p. 31, of 1886; that after it was opened for entry this office notified the heirs of Darby, through their attorney, Thomas J. Kernan, Esq., of that fact; that within six months from the date of said notice they made application to enter and purchase said land, under the provisions of Act No. 21, p. 31, of 1886, and Act No. 124, p. 206, of 1902, and made a legal tender of the purchase price, at the rate of $5 per acre, which tender was rejected, for the reason of the pending contest. The oral testimony establishes, by a clear preponderance of evidence, that the heirs of Darby and their author have been continuously in possession of the land for many years. I am of the opinion, therefore, that they are entitled to the right of preemption and pre-entry, granted to actual possessors by Act No. 21, p. 31, of 1886, and the register is without authority to allow entry of said land to any one else. The application of Dr. Albert G. Emmer for said land is therefore rejected, and the heirs of Darby will be allowed to enter said land, in accordance with their application on file in this office. Thus done and signed on this, 6th, day of June, 1906.

"[Signed]        A. W. Crandall, Register."

Relators further allege that said Emmer wrongfully obtained an appeal from said finding to the Nineteenth district court, and that the same was docketed under the title "Darby v. Emmer"; that, on being notified thereof, relators excepted to the jurisdiction of the court ratione materiæ, which exception was overruled; that the remedy of said Emmer, if any he has, is provided by Act No. 107, p. 203, of 1886, which authorizes a contest before the register; and that, until such remedy and the authority of the executive department of the government have been exhausted, no appeal lies to the courts, and the exercise of jurisdiction by the respondent judge constitutes an invasion of executive authority, in violation of article 96 of the Constitution. Wherefore, they pray for writs of certiorari and prohibition, etc.

The respondent judge makes return, saying: That the question presented in the case is, which of the litigants is entitled to the right of pre-emption, based on possession? That Emmer made a declaration of occupancy and possession on June 24, 1904, which was seasonably filed with the register. That relators,

through their attorney, on May 17, 1905, filed a petition with the same officer, putting the alleged occupancy and possession of Emmer at issue, and praying to be recognized as entitled to the right of pre-emption; the result having been to provoke a trial, Emmer occupying the position of applicant and contestee, and relators that of contestants. That the register was called upon to pass, preliminarily, on the judicial question, who were the real occupants of the land, and who were entitled to the right of pre-emption, which he proceeded to do, and that the contestee appealed from his finding. That:

"Act No. 107, p. 203, of 1886, deals only with contests arising after lands have been entered, as homesteads, or under forms requiring actual settlement and cultivation for a period of time, prior to the issuance of patents. The contest arising under the act can deal simply with the issue whether the homesteader or settler is actually cultivating and occupying the land, so as to ultimately entitle him to a title. This act cannot be regarded as entering into the instant matter. There is no question here of the land in controversy ever having been entered under any laws requiring acts of settlement, etc. We have, for consideration, as stated before, only the question of the right of pre-emption and pre-entry. The distinction is broad and obvious. * * * There can be no serious question that the issue between Emmer and relators, as to who is the real occupant and possessor of the land involved, is not (?) a judicial question. Assuredly the determination of that question is as large a judicial question as can be presented to a court. There is no executive or ministerial act to be performed when both sides are setting up the existence of a state of facts entitling each to the right of pre-emption.

"Were the Legislature to undertake to vest in the register the right to finally conclude an issue, clearly would this act be unconstitutional. * * * Relators seem to contend that the dismissal of Emmer's application was an executive act, but in this position there is manifest error, according to our appreciation of the law. Section 2976 et seq. of the Revised Statutes are intended to meet situations arising such as in the instant case."

And the learned judge cites State ex rel. Kaffie v. Smith, 111 La. 319, 35 South. 584, and Keller v. Loflin, 13 La. Ann. 185, and (after some further presentation of his views) concludes as follows:

"The land in question, being situated in the parish of Iberia, and the issue arising being a

judicial one, as to who is entitled to the exercise of the right of pre-emption and pre-entry, your respondent deemed the appellant entitled to a day in court, and, so considering, overruled the jurisdictional plea."

From the transcript of the record, which, in compliance with the writ of certiorari directed to him, the learned judge has forwarded, we find the following facts, to wit:

On June 27, 1904, A. G. Emmer filed with the register of the land office an affidavit, subscribed to by himself and by two other persons, setting forth, in substance, that he was in possession of certain land, including that here in controversy; that he had been in possession since June 24, 1904 (the day upon which the affidavit was made), and had cultivated and improved it to the extent that he was erecting on it a dwelling house, kitchen, barn, and fence, and was actually at work on the land, and that his purpose in making the affidavit was to preserve the rights and privileges granted him as an actual settler under the provisions of Act No. 21, p. 31, of 1886. In February, 1905, the register ordered the land to be surveyed, and the survey was completed on May 16, 1905. On May 17th counsel representing the interests of the relators now before the court filed a sworn petition with the register, alleging the character and duration of their author's possession of the land in question; setting forth, in detail, the acts of Emmer, and characterizing them as illegal and tortious; specifying that said Emmer had made application to enter said lands (with others); averring that the lands had never been surveyed or opened for entry, and that, should they be surveyed and opened, petitioners were entitled to preference and to six months' notice; and praying that their petition be taken as notice of possession, and that, should the lands be opened for entry, they be informed thereof. On July 27th the register notified the Darby heirs, through their attorney, that the lands were open for entry,

and we find, from the procès verbal of the register, that the attorney took cognizance of the notice on August 6th.

In that situation of the matter, the register on December 2, 1905, commissioned the clerk of the court to take testimony in what he calls the "above contest"; those words referring to the caption of the instrument from which we obtain this information, and which reads:

"Heirs of Coralie Darby, Contestant, v. Dr. Albert G. Emmer, Contestee.
"Contest No. 149.
"Involving the right of pre-emption to all that certain tract or parcel of land [describing the land]."

Following the foregoing, we find the procès verbal of the clerk, reading as follows:

"Be it known that on this, 15th, day of December A. D., 1905, pursuant to appointment made by the Honorable A. W. Crandall, register, * * * I caused to be summoned to appear before me, * * * upon the request of contestants and contestee, or their attorneys, in the matter of Darby v. Emmer Claim, the witnesses hereinafter named. * * * Present: E. J. Weeks, of Weeks & Weeks, L. P. Bryant, attorneys for contestants; Andrew Thorpe, Esq., P. R. Burke, of Burke & Burke, attorneys for contestee, who declaring themselves ready for trial, the cause was taken up and proceeded with as follows:
"Before any evidence on the part of contestants is offered, the contestee objects to the admissibility of any evidence, for the reason that the contest filed herein does not comply with the requirements of section 1 of Act No. 107, p. 203, of 1886, * * * that the notice of the contest shall be supported by the affidavit of the contestant and two witnesses, which has not been done; and, secondly, that the contest herein has been filed more than six months after the application and filing of the entry in the land office by the contestee, as required under section 3 of the same act, and that this contest is therefore barred; and, thirdly, that the contest herein is unauthorized, by reason of want of authority for any appearance upon the part of the Sere heirs and of Paul Darby, enumerated in the contest as 'heirs of Mrs. Darby, deceased.'"

It was then agreed that the word "contestant" should be used to designate the Darby heirs, and the word "contestee" to designate Emmer—this without prejudice. And counsel for the Darby heirs then "objected to

the fixing of this matter and the taking of this testimony, at the present time, on the ground that the six months allowed by law to parties wishing to assert possession or claim to said land from the time of notice that the lands are open to entries had not yet elapsed, and the same is premature."

The objection having noted by the clerk, the parties proceeded to introduce evidence, oral and written, and, the case having been closed, and, as we suppose, submitted, was decided by the register, as has been heretofore stated, whereupon the contestee applied for an appeal to the district court (upon an assignment of error in the judgment), and the appeal was allowed. The contestants then filed a plea to the jurisdiction, which having overruled, they made the application now under consideration.

### Opinion.

It can hardly be denied that the state of Louisiana has the right to prescribe the conditions upon which she may see proper to dispose of her own lands, and that she may vest in an officer of the executive department the authority and discretion to determine, in any given case, whether those conditions exist. The principle involved is stated by the Supreme Court of the United States as follows:

"The courts may deal with the possession of the land prior to the issuance of the patent, or enforce contracts between parties concerning the land; but they cannot transfer a title which is yet in the United States. * * * The courts will not interfere with the officers of the government while in the discharge of their duties in disposing of the public lands, either by injunction or mandamus. * * * But * * * there exists in the courts of equity the jurisdiction to correct mistakes, to relieve against frauds and impositions, and, in cases where it is clear that those officers have by mistake of law, given to one man the land which, on the undisputed facts, belonged to another, to give appropriate relief." Marquez v. Frisbie, 101 U. S. 473, 25 L. Ed. 800.

Exercising its right in the premises, the state of Louisiana has seen fit to provide that its lands shall be sold, under certain conditions, by the register of the state land office, and has vested in him the authority and discretion to determine whether those conditions exist. And it has been further ordained, as part of the system provided for the sale of the lands of the state, that the decisions of the register may be reviewed by the courts. "The claimant aggrieved by the decision," says the law, "shall have the right, within six months after the decision of the register, to appeal from the same to the district court of the parish in which the land is situated." Rev. St. 2976. This law has never been repealed, so far as we are informed. To the contrary, whilst the Act No. 21, p. 31, and Act No. 107, p. 203, of 1886, contain particular provisions concerning proceedings before the register, the act last-mentioned expressly provides that his (the register's) "decision shall be final, so far as the executive department is concerned, unless an appeal be taken under existing laws." Act No. 107, p. 204, of 1886, § 2.

It would seem to go without saying that the jurisdiction to decide a contest presented to the register necessarily includes the jurisdiction to decide the questions which are the incidents of such contest, and that, when the register decides the main case and the party cast must either appeal or lose the rights for which he has contested, the appeal carries with it all incidental, or interlocutory, decisions which may be included in the final judgment. In the instant case the register has rendered judgment rejecting the application of the contestee (Emmer) to enter the land in question, and allowing the contestants (the heirs and assigns of Darby) to enter it, and there is nothing left, as between the parties to the contest, for him to decide. The contestee, aggrieved by the decision, has therefore appealed, and his appeal of necessity carries with it the questions, interlocutory or otherwise, raised by the parties,

respectively, during the trial. Hence we are of opinion that the respondent judge committed no error in overruling the plea to jurisdiction.

It is therefore ordered, adjudged, and decreed that the demand of the applicants be denied, and this proceeding dismissed, at their cost.